**UNITED STATES of America,**

v.

**Johanna DeROOVER, Defendant.**

**No. CR 98 965 (JBW).**

United States District Court,
E.D. New York.

Feb. 16, 1999.

---

Zachary W. Carter, U.S. Atty., Eastern District of New York, by Nikki Kowalski, Asst. U.S. Atty, for U.S.

Abraham L. Clott, Legal Aid Society, Federal Defender Services Unit, Brooklyn, NY, for Defendant.

### MEMORANDUM, ORDER

WEINSTEIN, Senior District Judge.

Coming from Amsterdam via Paris, Johanna DeRoover was apprehended at John F. Kennedy Airport with slightly less than a kilogram of heroin concealed in her clothing. Almost immediately she agreed to assist in a controlled delivery; it was unsuccessful, leading to a denial of a 5K1 letter by the government for cooperation that would have authorized a virtually unreviewable downward departure.

■ The Guideline offense level has been properly computed as 21, requiring a custodial sentence of 37 to 46 months. Any downward departure is opposed by the government. For the reasons indicated below a departure downward to level 9, with a sentence of five months in prison is appropriate.

Ms. DeRoover is a thirty five year old citizen of the Netherlands. She had a particularly difficult childhood, involving frequent beatings by her own father, at times so severe that she could not attend gym class because of extensive bruises.

The father of Ms. DeRoover's first child died in a train wreck. Her second child's father beat Ms. DeRoover, at one point breaking her nose; he has disappeared. The father of her last three children committed suicide during a bout of despondency after his sister and her child died in an airplane crash.

All Ms. DeRoover's five children—ages 16, 11, 8, 7 and 6—live with her. The family has been supported by her wages as a waitress or as a machine operator in a pharmaceutical factory, as well as by a pension received by two of her children because of the death of their father, and by some public assistance. Her last employer has indicated that he would like to rehire her as a waitress upon her return to Holland.

Ms. DeRoover graduated from high school in Amsterdam. She appears to be intelligent, though, understandably, highly stressed. She has never used drugs.

A family therapist in Amsterdam was visited regularly by Ms. DeRoover and her older children. Following a sexual assault on one of the children a mental health counsellor was consulted by the child and Ms. DeRoover. In prison Ms. DeRoover has had some preliminary symptoms signaling the possible onset of ovarian cancer. She has been informed that there is a strong hereditary trait

for this disease in her family. Her two sisters have cancer.

One child suffers from "separation anxiety" as a result of the absence of his mother. He has been under psychiatric observation after adverse contacts with the police.

The elderly mother of Ms. DeRoover is now caring for the children. It seems doubtful that she could continue to carry this burden were defendant incarcerated for a substantial period in the United States. She herself has diabetes.

The prosecution of Ms. DeRoover has come to the attention of the probation institution in the Netherlands. *See* Report of Dutch Probation, Foreign Department, 8 December, 1998. Dutch Probation reports that "[i]n order to prevent further damage to the children we think it is of the utmost importance that the continuation of this situation [separating the children from Ms. DeRoover] has to be confined to a minimum." *Id.* at p. 3. In conclusion it states, "We declare ourselves prepared to take care of appropriate psychological assistance." *Ibid.*

The Netherlands probation system has had a great deal of experience treating people who use or who traffic in drugs. *See e.g.,* Lisa M. Branculli, *The War on Drugs: Fact, Fiction and controversy,* 21 Seton Hall Legis. J. 169, 188–189 (1999). The institutions of the Netherlands, the court judicially notices, can be trusted to carry out their commitment to supervise and to assist Ms. DeRoover and her family.

■ There has been no suggestion that Ms. DeRoover has ever committed another crime. It can be reasonably predicted that, with adequate supervision and help, non-recidivism, the equivalent of rehabilitation, is assured. It is highly unlikely that Ms. DeRoover will ever commit another crime. Rehabilitation of Ms. DeRoover is extraordinary. Availability of a job will also assist her in avoiding future criminal conduct and in supporting her family. Extraordinary rehabilitation is an appropriate basis for downward departure under the Guidelines. *See e.g., United States v. Bryson,* 163 F.3d 742, 749 (2nd Cir.1998) (downward departure is warranted if district court finds extraordinary rehabilitation).

■ The special need to promptly unite Ms. DeRoover with her family is obvious. The unique dependence of children on a defendant is a basis for a downward departure. *See e.g., United States v. Galante,* 111 F.3d 1029 (2nd Cir.), *reh'g en banc denied,* 128 F.3d 788 (2d Cir.1997)(approving a district court's thirteen-level downward departure for a defendant with two young children, ages eight and nine, who was a caregiver and the primary earned for family); *United States v. Johnson,* 964 F.2d 124 (2nd Cir.1992)(approving a 13–level downward departure for a defendant who had sole responsibility for raising four young children ranging in ages from five months to six years).

■ The atypical nature of Ms. DeRoover's criminal conduct was caused by temporary and extreme family stress. Aberrant behavior is a basis for a downward departure. *See e.g. Zecevic v. United States Parole Commission,* 163 F.3d 731 (2nd Cir.1998)(adopting the totality of circumstances test).

These findings, independently and together, are the basis for a downward departure that does not conflict with Guidelines policy designed to reduce sentencing disparity. All factors relied on for this downward departure fall outside the heartland of cases contemplated by the Guidelines, and none involve forbidden socioeconomic concerns.

Based on all the special circumstances in the case, a downward departure from offense level 21 to level 9 is warranted and required. A sentence within the Guidelines of five months is imposed. Any longer sentence would lead to unnecessary further deterioration of Ms. DeRoover's family and would endanger full rehabilitation. Three years supervised release is imposed, but it need not be served in the United States. A mandatory $100 special assessment is assessed.

As a condition of supervised release, Ms. DeRoover must:

1. Accept whatever psychiatric and other assistance the Netherlands' authorities require.

2.Maintain full employment to the extent practicable.

3.Care for her children.

4.Use no drugs or alcohol.

5.Engage in no criminal conduct.

SO ORDERED.